[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10609
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-00860-TJC,
Bkcy No.  3:11-bk-03247-PMG

In Re: JEFFREY LANCE HILL, SR.,

                                                                                            Debtor.

_____

JEFFREY LANCE HILL, SR.,

                                                                            Plaintiff-Appellant,

versus

SUWANNEE RIVER WATER MANAGEMENT DISTRICT,

                                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 19, 2014)

Before ED CARNES, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jeffrey Lance Hill, Sr., filed for bankruptcy under Chapter 12 of the Bankruptcy Code, which allows family farmers to adjust their debts. See 11 U.S.C. § 1201 et seq. The bankruptcy court dismissed Hill's case. He appealed that dismissal to the district court, which affirmed it. Proceeding pro se, he now appeals the district court's decision.

In 2007 the Suwannee River Water Management District (the District) brought a lawsuit in Florida state court against El Rancho No Tengo, Inc., of which Hill is the president. The District claimed that El Rancho had modified a dam on El Rancho's property without obtaining the proper permits. In its first "final" order, the Florida court entered an injunction allowing the District to go onto El Rancho's property and inspect the dam. That final order retained jurisdiction to award civil penalties and attorney's fees. In a second "final" order, the Florida court entered a $100,000 judgment against El Rancho as a civil penalty for violations of state law. That second final order retained jurisdiction to award attorney's fees. About six months later, before that court could enter a third final order, El Rancho filed for bankruptcy under Chapter 12. The bankruptcy court dismissed that action. Afterwards, the Florida court entered its third final order,

2

which awarded the District another judgment against El Rancho, this time for an additional $280,000 in attorney's fees and costs.

To satisfy the District's judgments against El Rancho, the Florida court issued two writs of execution on September 16, 2010, commanding the sheriff to levy on El Rancho's property. A week later, acting as El Rancho's president, Hill deeded about 71 acres of El Rancho's land to himself in exchange for $1.00. On March 28, 2011, the sheriff issued a notice that those same 71 acres were going to be sold at public auction on May 3, 2011, at 10:00 a.m. On the day of the sheriff's sale, at 9:38 a.m., Hill filed this bankruptcy action.

The District moved to dismiss this action under 11 U.S.C. § 1208, and the bankruptcy court granted its motion. In making its ruling, the bankruptcy court rejected Hill's proposed plan for adjusting his debts. It found that the plan was not feasible in light of Hill's tax returns and did not satisfy the District's liens on the 71 acres. Indeed, Hill had not defended his plan in opposing the District's motion except to argue that the Florida judgments against El Rancho were improper. The bankruptcy court found that Hill had filed for bankruptcy not to adjust his debts but to stay the sheriff's sale and to void the judgment liens encumbering his 71 acres. Concluding that it had no power to rule on the merits of those Florida judgments, the bankruptcy court dismissed this action. Cf. In re Roloff, 598 F.2d 783, 785–87 (3d Cir. 1979) (holding under a previous version of the Bankruptcy Code that the

3

bankruptcy court's broad equitable powers do not include a power "to adjudicate once more, in a full trial, the merits and amount of each lien already determined to be owed").  The district court affirmed.[1]

Hill's opening brief does not challenge the bankruptcy court's characterization of his filing as an attempt to relitigate the judgments against El Rancho instead of to adjust Hill's debts under Chapter 12.  The brief does not even cite Chapter 12, much less discuss its relevance to his claims.  All Hill's brief does is argue yet again that the Florida judgments against El Rancho were incorrect.  As a result, Hill has abandoned any challenge to the bankruptcy court's characterization of this action.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) (holding that an appellant abandons an argument he fails to raise it in his opening brief); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that even a pro se appellant abandons an issue that is not raised in his opening brief) (citations omitted).

The bankruptcy court premised its dismissal on its characterization of this action as an unsubtle attempt to relitigate state court judgments.  By abandoning any challenge to that premise, Hill has failed to challenge one of the independent grounds supporting the bankruptcy court's judgment.  The bankruptcy court is thus

---

[1] In a bankruptcy appeal, we review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo.  Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza), 719 F.3d 1253, 1260 (11th Cir. 2013).

due to be affirmed.  See Sapuppo, 739 F.3d at 680 (affirming the dismissal of a claim where the appellants had abandoned all of their challenges to one of the independent grounds for that dismissal).

**AFFIRMED.**